IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Susan Prose**

Civil Action No: 1:24-cv-03461-GPG-SBP      Date: July 16, 2025
Courtroom Deputy:   Stef Jeffries           FTR: Courtroom A502

*Parties:*                                   *Counsel:*

HARITHARAN MAHALINGAM,                       Pro se

    Plaintiff,

v.

COLORADO STATE UNIVERSITY,                   Natalie Powell
                                             Lindsey Schwartz
    Defendant.

## COURTROOM MINUTES

**TELEPHONIC STATUS CONFERENCE**

**10:09 a.m.**     **Court in session.**

The Court calls the case. Appearances of counsel.

This matter is before the Court regarding the status of the case.

Discussion is held regarding the pending Motion to Dismiss [ECF No. 24], as well as Plaintiff's requests for appointment of counsel.

For the reasons stated on the record, it is

**ORDERED:**

> Defendant's [ECF 31] Motion to Stay Discovery Pending Resolution of the [ECF 24] Motion to Dismiss is **GRANTED**. The court observes that the Motion to Dismiss raises a question concerning the court's subject matter jurisdiction, which should be resolved at the earliest stage of the litigation and which presents compelling grounds for a stay. *See,*

*e.g.*, *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (recognizing that courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues"); *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.").

Additionally, in deciding that a stay is warranted, the court has considered Plaintiff's interests in proceeding expeditiously with this civil action and the potential prejudice to him of a delay, the burden on the defendants, and the convenience to the court. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). As to Plaintiff's interest in proceeding expeditiously, when a motion to dismiss raises a jurisdictional issue—as the pending motion to dismiss does here—that weighs in favor of a stay. *See, e.g.*, *Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL 5957126, at *2 (D. Colo. Sept. 13, 2023). Under these circumstances, a stay of discovery does not unduly prejudice Plaintiff; if the court were to proceeding in the absence of jurisdiction, that *could* prejudice Plaintiff because an order issued where jurisdiction is lacking "is no ruling at all." *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 n.5 (10th Cir. 2016) (recognizing that a ruling that assumes the plaintiffs' standing—and by extension assumes the district court's jurisdiction—is necessarily incomplete") (citing *Cunningham v. BHP Petrol. Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (judgment entered in the absence of jurisdiction is void)). Further, as Defendant is the one requesting the stay of discovery, it sustains no burden because of a stay. And the convenience of the court weighs in favor of staying discovery until Judge Gallagher rules on an eventual recommendation on the motion to dismiss.

In light of the jurisdictional issue raised in the pending Motion to Dismiss, and as further explained to Plaintiff on the record, his motions for appointment of pro bono counsel [ECF Nos. 19 and 28], are **DENIED without prejudice**.

Finally, in accordance with the foregoing rulings, Plaintiff's Motions to Continue the Case for Hearing [ECF Nos. 29 and 32] are **DENIED**.[1]

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28

**10:27 a.m.    Court in recess.**

Hearing concluded.
Total in-court time: 18 minutes

*To order transcripts of hearings, please contact either Patterson Transcription Company at (303) 755-4536 or AB Litigation Services at (303) 629-8534.

---

U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").