IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03461-GPG-SBP

HARITHARAN MAHALINGAM,

    Plaintiff,

v.

COLORADO STATE UNIVERSITY,

    Defendant,

## ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Susan Prose, United States Magistrate Judge.**

    This matter is before the court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 24) and, sua sponte, upon review of Plaintiff's filing docketed as an Amended Complaint (ECF No. 26). The undersigned Magistrate Judge fully considers the matter pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 4, 2025 (ECF No. 14), and the Memorandum dated June 5, 2025 (ECF No. 25).

    Plaintiff Haritharan Mahalingam, proceeding pro se, initiated this action on December 13, 2024. During initial screening, the court directed Plaintiff to cure deficiencies, resulting in the filing of amended complaints (ECF Nos. 8, 9, and 11). The Amended Complaint at ECF No. 11, filed February 18, 2025, became the operative pleading after Plaintiff complied with court orders to provide a signed version.

    On June 5, 2025, Defendant filed its Motion to Dismiss directed at the Amended Complaint docketed at ECF No. 11. Four days later, on June 9, 2025, Plaintiff filed the document at ECF No. 26, docketed as an Amended Complaint, together with an attachment containing additional narrative.

    Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend its pleading once as

a matter of course within 21 days after service of a motion under Rule 12(b). Defendant served its Rule 12(b) Motion to Dismiss on June 5, 2025, and Plaintiff filed ECF No. 26 well within the 21-day period, on June 9, 2025.

After a thorough review of the record and the applicable authority, this court concludes that Plaintiff's prior amended pleadings—filed solely to comply with court orders during initial screening and to cure technical deficiencies (such as an unsigned pleading)—do not count against his one amendment as a matter of right under Rule 15(a)(1). *See Rivera v. Long*, No. 19-cv-03608-CMA-NYW, 2020 WL 13840803, at *2–3 (D. Colo. July 22, 2020) (holding that court-directed amendments during § 1915 screening do not exhaust the plaintiff's amendment as of right following a Rule 12 motion), *report and recommendation adopted*, 2020 WL 13840805 (D. Colo. Aug. 12, 2020); *accord Perry v. Garcia,* No. 1:12-cv-00312-AWI-SKO PC, 2013 WL 5954802, at *1 (E.D. Cal. Nov. 6, 2013) (finding that "[a]t this juncture in the proceedings, Plaintiff has the right to amend once as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1) after the plaintiff had already filed an amended complaint in response to a Magistrate Judge's order during the 28 U.S.C. § 1915 initial screening of the case.). Therefore, Plaintiff was entitled to file the Amended Complaint docketed at ECF No. 26 as a matter of right, with no leave of court was required.

However, it is apparent from the record that the impact of the amended complaint docketed at ECF No. 26 was not appreciated by Defendant, who has never responded to that amended pleading. This court proceeded to conduct a status conference on July 16, 2025, at which point neither party brought up the amended pleading docketed at ECF No. 26, and the court also did not observe the impact of that filing. At the status conference, this court granted Defendant's motion to stay discovery (ECF No. 24), based on Defendant' pending Motion to Dismiss (ECF No. 24) the prior iteration of the complaint docketed at ECF No. 11. *See* July 16, 2025 Courtroom Minutes, ECF No. 38.

In short, both the parties and the court overlooked the consequential effect of the amended pleading docketed at ECF No. 26. Notwithstanding that unintentional oversight, in accordance with the Federal Rules of Civil Procedure, that document must be construed as—and is in fact—the operative pleading in this matter. Now that the issue has come to the court's

attention, the record must be corrected and the case placed on the correct procedural track.

To that end, the court will construe the Amended Complaint docketed at ECF No. 62 as properly filed as a matter of right pursuant to Rule 15(a)(1)(B). To effectuate that purpose:

(1) The Clerk of Court is **DIRECTED** to accept the filing at ECF No. 26 (including its attachment) as the operative **Second Amended Complaint** in this action;

(2) It is hereby **ORDERED** that Defendant shall answer or otherwise respond to the Second Amended Complaint on or before **21 days from the date of this Order**; and

(3) Because the Motion to Dismiss at ECF No. 24 is directed at the now-superseded Amended Complaint (ECF No. 11), the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 24) be **DENIED WITHOUT PREJUDICE** as moot. *See Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1323 (D. Colo. 2019) (noting that the filing of an amended complaint renders the previous complaint of no legal effect and ordinarily moots a motion to dismiss the prior pleading). Discovery in this case shall remain stayed at this juncture, pending the court's review of Defendant's response to the Second Amended Complaint.[1]

DATED: February 12, 2026          BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").