# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.     1:24-cv-3461-GPG-SBP
(To be supplied by the court)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3/30/2026
JEFFREY P. COLWELL, CLERK

HARITHARAN MAHALINGAM ,

Plaintiff v.

COLORADO STATE UNIVERSITY,

Defendant.

---

## AMENDED COMPLAINT

---

> **NOTICE**
>
> Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.
>
> **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

HARITHARAN MAHALINGAM  4110 Admirality way, Irving,tX 75074
(Name and complete mailing address)

520 342 9624 hmahaling@gmail.com
(Telephone number and e-mail address)


## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Colorado State University 711 Oval Drive, Fort Collins, CO 80521
                       (Name and complete mailing address)
                       (970) 491-6444  RegistrarsOffice@colostate.edu
                       (Telephone number and e-mail address if known)


## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

_X_    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

Lists the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Title IV and Equal Protection Questions grant jurisdiction to Federal Court


___    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of

If Defendant 1 is an individual, Defendant 1 is a citizen of

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of        (name of state or foreign nation).

Defendant 1 has its principal place of business in     (name of state or foreign nation).

2

*(If more than one defendant is named in the complaint, attach an additional page
providing the same information for each additional defendant.)*

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim,
specify the right that allegedly has been violated and state all facts that support your claim,
including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s)
involved in each claim, and the specific facts that show how each person was involved in each
claim. You do not need to cite specific legal cases to support your claim(s). If additional space is
needed to describe any claim or to assert additional claims, use extra paper to continue that
claim or to assert the additional claim(s). Please indicate that additional paper is attached and
label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*


CLAIM ONE:  Title IV

Supporting facts:


The elements of a Title VI claim are:

Protected characteristic: The individual must be discriminated against based on their race, color,
or national origin.
Federal funding: The program or activity where the discrimination occurred must receive federal
financial assistance.
Adverse action: The individual must have been denied access to a program, denied benefits, or
treated differently due to their race, color, or national origin.
Causation: There must be a link between the discriminatory action and the individual's race,
color, or national origin.

1. Mr. Haritharan is the origin of Sri Lanka, US citizen, with brown skin and black eyes. Mr.
Haritharan does not have anyone from his origin to be admitted to the PhD program at CSU.
Whoever sees his name can identify his origin and race.


2. Mr. Haritharan was admitted to the PhD program in the Electrical Engineering (EE)
Department with a PhD committee advisor for fall 2021. Mr. Haritharan had his credentials
evaluated to be admitted to a PhD with an accepted MSEE.


3. Professor Chandra from the EE department talked to Mr. Haritharan first to assign Dr Chen,
who is of Chinese origin and is much younger than Mr. Haritharan to be Mr. Haritharan's
advisor.

3

4. In Fall 2022, the first problem started when the department's hold on his Master's degree in Electrical Engineering (MSEE) was unacceptable as a private university degree in the US. When Mr. Haritharan is close to finishing his PhD.

5. Mr. Haritharan cannot be accepted into a PhD program without a valid MSEE. However, he agreed to re-do the MSEE classes with the promised transfer units. CSU cannot expect Mr. Haritharan to retake the MSEE after spending 25 thousand dollars on classes and PhD programs at CSU.

6. 7. 8. The department dropped him from the committee, including his advisor. After this happened, Mr. Haritharan was not allowed to register for any classes at CSU. The decision to kick him out of the PhD program is primarily based on Dr. Chen and the department chair and both are of Chinese origin. It is a pre-mediated decision by both people. Case No. 1:24-cv-03461-GPG-SBP Document 26 filed 06/09/25 USDC Colorado pg 5 of 9

9. Both refuse to reply to Mr. Hariharan continuously, though Mr. Hariharan has good reasons to contact them to solve the issues within the given deadline. They advised others in the department and professors not to help Mr. Haritharan.

**Plaintiff does not allege any specific statements or conduct indicating that his advisor or department chair had any discriminatory motive or that they considered his race or national origin when deciding to dismiss Plaintiff from the PhD program.** Instead, Plaintiff appears to conclude that because his advisor and department chair share a different race or national origin than Plaintiff and they allegedly failed to reply to Plaintiff's communications, CSU discriminated against Plaintiff due to his race and national origin when CSU dismissed him from the program. Doc. 11, ¶ 15. However, the allegations that CSU's decision "is biased and based on race, origin, and age" and was a "premeditated decision without any doubt" are conclusory. Doc. 11, ¶ 12, 15. Such conclusory allegations are not entitled to the assumption of their truth.

10. The department removed him from the program, though Mr. Haritharan had a valid committee before December 8, 2023 and before the given deadline.

Here, Plaintiff likewise **fails to allege any facts** about the nature of his dismissal from the program, the reasons provided, or other conduct leading up to his dismissal that could **plausibly link the decision to dismiss Plaintiff from the PhD program with his national origin or race.**

4

11. The department gave more importance to bringing a student from overseas into their own race instead of giving existing students to the new committee. Dr. Chen sponsored another Chinese student after the plaintiff was kicked out.

12. Colorado State University's decision to kick out of the PhD program is biased and based on race, origin, and age.

13. In the department, every professor has PhD students of his/her own origin and race. If an unknown student sends an email to a professor, the professor will never reply unless the student confirms his/her origin or race.

14. The decision to kick him out of the PhD program is primarily based on Dr. Chen and the department chair, and both are of Chinese origin, Title VI. Both refuse to reply to Mr. Hariharan continuously, though Mr. Hariharan has good reasons to contact them to solve the issues. It proved that kicking him out of the CSU is a premeditated decision without any doubt. However, the department gave a deadline to follow to reform the committee again, though the department is responsible for establishing a committee to continue plaintiff studies.

15. CSU receives funds from CO state and federal government to support this program. At CSU, federal sources contributed $461 million toward the university's sponsored project funding in the 2023-2024 academic year, which accounted for about 80% of sponsored project funds. (Source: Denver Post 2/4/2025)

16. Mr. Haritharan invested and spent 25K in tuition, and 10K in residing near campus, though my employer gave him a residence to live near work only to get a PhD. From the date the issues were started, Mr. Haritharan spent 15K to find an attorney to continue this case in federal court and find a solution to this problem so far.

17. Mr. Haritharan was not allowed to pay in-state residence tuition fees, though he provided 1. State-issued driver's license 2. Voter registration 3. Car registrations and filing taxes multiple times as a full-year resident. The decision to pay taxes to the state is made by my employer, not by me. Mr. Haritharan was not even allowed to pay in-state tuition after one year of attending the CSU full-time, though it was admitted law through all public schools in the US.

18. This decision is based on my race and origin.

5

However, Plaintiff's bare allegations fail once more to plausibly allege that CSU's tuition classification determination was somehow based on racial animus. Plaintiff simply concludes, "[The tuition classification] decision is based on my race and origin."

19. These are the state and laws that define domiciled evidence in Colorado.

20. CSU never gave a valid reason to the student or the involved attorneys in the case. But kept changing its unreliable and unacceptable policies on the websites from time to time to validate its decisions.

21. A white race student moved from WA state for a three-month internship in 2018, allowed to pay the residence fee for fall 2019, though he returned to WA in March 2018 and returned to CO state in Jan 2019 for full-time employment.

22. The student confirmed that no question was asked by CSU when he applied or submitted his driver's license copy when he came to CO State for the first time. Case No. 1:24-cv-03461-GPG-SBP Document 26 filed 06/09/25 USDC Colorado pg 6 of 9

23. He confirmed that he never filed taxes in the state as a domiciled state.

Plaintiff **makes vague** allegations about an alleged student from Washington who qualified for in-state tuition status. Plaintiff alleges the student came to Colorado "for a three-month internship in 2018, allowed to pay the residence fee for fall 2019, though he returned to WA in March 2018 and returned to CO state in Jan 2019 for full-time employment." Doc. 11, ¶ 22. Plaintiff alleges this student did not pay Colorado taxes. Id. Regarding his own domicile status, Plaintiff's allegations are **similarly vague**. Plaintiff alleges at some point in time, "Plaintiff provided a state-issued driver's license, 2. Voter registration 3. Car registrations and filing taxes multiple times as one full-year resident." Id., ¶ 18. Plaintiff's allegations are silent on whether the Washington student provided these items. Plaintiff's ambiguous allegations are not sufficient to show that Plaintiff and the Washington student are "similarly situated" in all relevant respects to demonstrate a violation of the Equal Protection Clause.

24. At the same time, Mr. Haritharan applied and appealed multiple times for his residence fee, and so far, CSU has refused to reply to him on his residence appeals and applications.

CLAIM TWO:  Equal Protection

Supporting facts:

"The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" Grace United Methodist Church v. City of Cheyenne, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1), "which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To state an arguable equal protection claim, the plaintiff must first make a "threshold showing" that he was treated differently than others with whom the plaintiff was similarly situated. Brown v. Montoya, 662 F.3d 1152, 1172-73 (10th Cir. 2011) (internal quotation marks omitted); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (stating that even in "class of one" equal protection claim, the plaintiff must show that he or she "has been intentionally treated differently from others similarly situated."). This element is particularly important in a class of one case. Jennings v. City of Stillwater, 383 F.3d 1199, 1213 (10th Cir. 2004).

25. Mr. Haritharan is the origin of Sri Lanka, US citizen, brown skin, and black eyes. Mr. Haritharan does not have anyone of his origin to be admitted to the PhD program at CSU. Whoever sees his name can identify his origin and race.

26. Mr. Haritharan was not allowed to pay in-state residence tuition fees though he provided 1. State issued driver's license 2. Voter registration 3. Car registrations and filing taxes multiple times as one full-year resident. The decision to pay taxes to the state is made by my employer, not by me.

27. This decision is based on my race and origin.
However, Plaintiff's bare allegations fail once more to plausibly allege that CSU's tuition classification determination was somehow based on racial animus. Plaintiff simply concludes, "[The tuition classification] decision is based on my race and origin."

28. These are the state and laws that define domiciled evidence in Colorado.

29. CSU never gave a valid reason to the student or the involved attorneys in the case. But kept changing its unreliable and unacceptable policies on the websites from time to time to validate its decisions.

30. A white race student moved from WA state for a three-month internship in 2018, allowed to pay the residence fee for fall 2019, though he returned to WA in March 2018 and returned to CO state in Jan 2019 for full-time employment.

31. The student confirmed that no question was asked by CSU when he applied or submitted his driver's license copy when he came to CO State for the first time.

32. He confirmed that he never filed tax in the state as a domiciled state.

33. At the same time, Mr. Haritharan applied and appealed multiple times for his residence fee and so far, CSU has refused to reply to him on his residence appeals and applications. Case No. 1:24-cv-03461-GPG-SBP Document 26 filed 06/09/25 USDC Colorado pg 8 of 9

Plaintiff **makes vague** allegations about an alleged student from Washington who qualified for in-state tuition status. Plaintiff alleges the student came to Colorado "for a three-month internship in 2018, allowed to pay the residence fee for fall 2019, though he returned to WA in March 2018 and returned to CO state in Jan 2019 for full-time employment." Doc. 11, ¶ 22. Plaintiff alleges this student did not pay Colorado taxes. Id. Regarding his own domicile status, Plaintiff's allegations are **similarly vague**. Plaintiff alleges that at some point in time, "Plaintiff provided a state-issued driver's license, 2. Voter registration 3. Car registrations and filing taxes multiple times as one full-year resident." Id., ¶ 18. Plaintiff's allegations are silent on whether the Washington student provided these items. Plaintiff's ambiguous allegations are not sufficient to show that Plaintiff and the Washington student are "similarly situated" in all relevant respects to demonstrate a violation of the Equal Protection Clause. Mr. Haritharan was not even allowed to pay in-state tuition after taking classes full-time at CSU. It is a universally accepted law in all public schools in the US.

34. It is not acceptable and unfair to Mr. Haritharan because the state wants his tax domicile in Colorado for a full year. But CSU denies domicile in Colorado State to get one's residence fee at a triple rate. Mr. Haritharan additionally communicated with 1. Civil rights commission-CO state 2. Higher education CO state.

8

**E.    REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

Mr. Haritharan should be readmitted to the PhD program at CSU without any additional requests or conditions. The CSU must provide Mr. Haritharan with fair conditions to complete his PhD without any additional issues. If CSU violates again the case could be re-open for justification. There must be a higher authority involved and monitoring the activities of the department until Mr. Haritharan has completed his education. If CSU fails to accept this, it must return his expenses in full, along with attorney fees, court fees, and tuition paid. CSU should allow Mr. Haritharan to pay for residence without any additional requirements. The paid non- resident tuition fee balance should be returned to Mr. Haritharan in full.

**F.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*M. Hanthara*

(Plaintiff's signature)

3\30\26

(Date)

(Revised December 2017)

9